IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:08cr62/LAC
                3:12cv545/LAC/EMT

JASON BAKER

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and memorandum in support thereof (docs. 399, 400). The Government filed a response (doc. 403), and Defendant has filed a reply (doc. 408). Both parties have filed supplemental authority (*see* docs. 410, 413, 416, 417, 421). Defendant also filed a motion to withdraw his § 2255 motion (doc. 424), to which the Government responded (doc. 426). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion to vacate should be denied on the merits, and his motion to withdraw will therefore be denied as moot.

## PROCEDURAL BACKGROUND

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances pursuant to a written plea and cooperation agreement (doc. 208). He was sentenced to a term of 328-months imprisonment (docs. 266, 267). The Government subsequently filed a motion regarding Defendant's cooperation, and the court reduced Defendant's sentence to 164-months imprisonment (docs. 315, 319). Defendant later filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 (doc. 341), but thereafter he filed a motion to withdraw his § 3582 motion, in which he contended that the motion had been "improvidently filed" (doc. 354). The motion to

withdraw was granted (doc. 355). Defendant then filed a new motion to reduce his sentence pursuant to § 3582 (doc. 362). This motion was granted, and the court reduced Defendant's sentence to 147-months imprisonment (docs. 364, 365). Defendant filed a motion for reconsideration based on his assertion that he did not qualify as a career offender under § 4B1.1 of the Sentencing Guidelines (doc. 369). The district court denied the motion, and Defendant appealed (docs. 370, 371). The Eleventh Circuit Court of Appeals affirmed, rejecting Defendant's argument that the district court should not have used the career offender guideline in calculating his sentence (docs. 396, 398).

The Defendant then filed the instant motion to vacate pursuant of 28 U.S.C. § 2255, again challenging the application of the career offender guideline to his case (docs. 399, 400). After the parties filed their respective response and reply, and both parties filed supplemental authority (docs. 403, 408, 410, 413, 416, 417, 421), Defendant moved to withdraw the motion. In his motion to withdraw, he contends that his § 2255 motion was "improvidently filed" (doc. 424). This is precisely the reason Defendant offered when he moved to withdraw his initial § 3582 motion (*see* doc. 354) that he subsequently re-filed less than one month later (doc. 362). The Government was given the opportunity to respond to Defendant's instant motion to withdraw (doc. 425) and it has done so (doc. 426). In its response, the Government takes the position that the motion to withdraw or dismiss should be granted with prejudice noting that Defendant may be "merely stalling or re-tacking in order to file some other modified motion for collateral relief" (doc. 426 at 3).

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception

recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235.

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See*

Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Applicability of Career Offender Enhancement

Although Defendant separates his claims into two grounds for relief, they are inextricably intertwined. Defendant contends that he is "factually and legally innocent of career offender treatment as applied to him in the 18 U.S.C. § 3582(c)(2) proceedings" (ground one) and that he is entitled to re-sentencing (ground two) (doc. 399 at 4, 5).

The Government contends that the issue of Defendant's career offender status has already been decided adversely to him on direct appeal and cannot be relitigated herein. Nyhuis, 211 F.3d at 1343. The issue warrants brief discussion, however.

Defendant bases his claim on an October 15, 2012 letter from Supervising U.S. Probation Officer Pamela Lassiter, written in response to his inquiry about the application of the Career Offender provision to the facts of his case (doc. 400 at 13–15, 17 (exhs. A, B)). In her letter, Ms. Lassiter notes that there was a typographical error in paragraph 119 of Defendant's Presentence Investigation Report ("PSR"). Paragraph 119 of the PSR, which discussed the applicability of the chapter four enhancement pursuant to § 4B1.1, identified the qualifying prior convictions as being in paragraphs 138 and 139 of the PSR, when actually the report should have indicated that the prior qualifying convictions were set forth in paragraphs 137 and 139 (doc. 400 at 17). Even giving Defendant the benefit of the doubt that this recent "discovery" allows the court to reopen the question

of the § 4B1.1 enhancement, he is not entitled to relief. This typographical error in no way alters the fact that application of the career offender adjustment was proper in his case.

Application of § 4B1.1 requires two prior felony convictions of either a crime of violence or a controlled substance offense. Defendant has two prior felony drug convictions (*see* PSR ¶¶ 137–138). Because they are related, only one of them, the offense listed in paragraph 137 for which criminal history points were assessed, counts toward his career offender status. He also has two prior convictions for fleeing and eluding a police officer (PSR ¶¶ 139–140). He now contends that neither of these convictions is a qualifying prior conviction.[1]

The record reflects that Defendant was convicted in the case described in paragraph 139 of the PSR, Santa Rosa County Circuit Court Case No. 05CF1373, of a violation of "§ 316.1935.3, Florida Statutes" (*see* doc. 403 at 13–17). The Eleventh Circuit has expressly held that fleeing and eluding in violation of § 316.1935(3), which is a second degree felony, qualifies as a "crime of violence" as defined in § 4B1.2. *See* United States v. Harris, 586 F.3d 1283, 1289 (11th Cir. 2009); United States v. Orisnord, 483 F.3d 1169, 1183 (11th Cir. 2007).[2] Thus, the conviction identified in paragraph 139 is a qualifying conviction, and the § 4B1.1 enhancement was properly applied.[3] Defendant is not entitled to relief or resentencing.

---

[1] Defendant also contends that at no time was he or counsel ever made aware that the conviction for fleeing or attempting to allude law enforcement would be used to trigger career offender treatment, despite the fact that the conviction listed in paragraph 139 was identified in the original PSR as one of the two offenses giving rise to the § 4B1.1 enhancement (PSR ¶ 119).

[2] Even a conviction under § 316.1935(2), which is only a third degree felony, has been held to be a violent felony for purposes of the Armed Career Criminal Act. *See* United States v. Petite, 703 F.3d 1290, 1291 (11th Cir. 2013) (recognizing and discussing abrogation from United States v. Harrison, 558 F.3d 1280 (11th Cir. 2009) which was relied upon by Defendant in this case). The conviction listed in paragraph 140 of the PSR was for a violation of this provision (*see* doc. 403 at 9).

[3] The fact that the Government did not identify the correct qualifying convictions in its brief on direct appeal (*see* doc. 400 at 19–22 (exh. C)) does not alter the conclusion here.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Defendant's motion to withdraw or dismiss the pending motion to vacate (doc. 424) is **DENIED as moot** in light of the instant recommendation.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate, set aside, or correct sentence (doc. 399) be **DENIED**.
2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of August 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**